a

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 28 2016

TONY R. MOORE, CLERK
BY _____
              DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES D. LUEDTKE,<br>Petitioner | CIVIL ACTION NO. 1:16-CV-1128-P |
| VERSUS | CHIEF JUDGE DRELL |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a pro se petition for writ of habeas corpus (28 U.S.C. § 2241) filed by Petitioner James D. Luedtke ("Luedtke") (#06819-089). Luedtke is an inmate in the custody of the United States Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. Luedtke challenges a disciplinary conviction that resulted in a change in his security classification.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### I.    Background

Luedtke complains about his security classification level, which increased following a disciplinary conviction. Luedtke provided no facts regarding the disciplinary conviction, other than the date of the incident report, July 19, 2016, and the fact that he did not appeal because his request for a BP-8 form was ignored. (Doc. 1, p. 11).

II. <u>Law and Analysis</u>

    A.    <u>Leudtke failed to exhaust administrative remedies before filing suit.</u>

Petitioners seeking relief under § 2241 generally must exhaust their administrative remedies prior to presenting their claims in federal court. See <u>Fuller v. Rich</u>, 11 F.3d 61, 62 (5th Cir. 1994) Exhaustion under § 2241 requires that the petitioner "fairly present all of his claims" through appropriate channels prior to pursuing federal habeas relief. <u>Dickerson v. Louisiana</u>, 816 F.2d 220, 228 (5th Cir. 1987).

"Application of the [exhaustion] doctrine to specific cases requires an understanding of its purposes and of the particular administrative scheme involved." <u>McKart v. United States</u>, 395 U.S. 185, 193 (1969). "The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its expertise, and to correct its own errors so as to moot judicial controversies." <u>Parisi v. Davidson</u>, 405 U.S. 34, 37 (1972). Substantial compliance with administrative procedures does not suffice to exhaust administrative remedies. See <u>Wright v. Hollingsworth</u>, 260 F.3d 357, 358 (5th Cir. 2001).

The Bureau of Prisons has a four-step administrative process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden on a prescribed form. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the regional director. 28 C.F.R. 542.15. If still unsatisfied, the prisoner may

appeal to the Office of General Counsel. Id. However, to challenge the action of a Disciplinary Hearing Officer (DHO), a prisoner must proceed directly to the third step, by filing an appeal with the regional director. 28 C.F.R. § 542.14(d)(2).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules. . . ." Woodford v. Ngo, 548 U.S. 81, 90–91 (2006). Luedtke did not exhaust his administrative remedies following his disciplinary conviction. Luedtke seeks to excuse his failure to exhaust by alleging that his email request for a BP-8 (informal complaint) form was ignored. (Doc. 1, p. 11). However, Luedtke's appeal of the DHO's decision should have been submitted on a BP-10 form to the appropriate regional director within 20 calendar days from the date of the DHO report. See 28 C.F.R. § 542.14(d)(2). The fact that Luedtke's request for a BP-8 form was ignored is irrelevant.

### B. Luedtke was properly classified.

Even if Luedtke had properly exhausted, his claim is without merit. Luedtke complains about his security management variable assigned under Program Statement 5100.18, which Luedtke claims "is 102 pages of disparate, twisted, and convoluted B.O.P. rubbish that throws out all actual law and common sense." (Doc. 1, p. 17). In general, an inmate does not have a liberty interest in his security classification, so long as the degree of the inmate's confinement falls within the sentence imposed upon him and does not otherwise violate the Constitution. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976) (prison classification and eligibility for rehabilitative programs in the federal

prison system are matters delegated by Congress to the "full discretion" of federal prison officials and thus implicate "no legitimate statutory or constitutional entitlement sufficient to invoke due process").

The Fifth Circuit has long held that an inmate has no protectable liberty interest in his prison classification. Wilkerson v. Stalder, 329 F.3d 431, 436 (5th Cir. 2003) (citing Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999); Whitley v. Hunt, 158 F.3d 882, 889 (5th Cir. 1998); Woods v. Edwards, 51 F.3d 577, 581–82 (5th Cir. 1995)). "Classification of prisoners is a matter left to the discretion of prison officials." McCord v. Maggie, 910 F.2d 1248, 1250 (5th Cir. 1990) (citing Wilkerson v. Maggio, 703 F.2d 909, 911 (5th Cir. 1983)). "[I]t is well settled that '[p]rison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status.'" Id. "Prison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order." Id. at 1251 (citing Bell v. Wolfish, 441 U.S. 520, 547 (1979)). Thus, absent an abuse of discretion, which has not been alleged by Luedtke, a federal court may not interfere with administrative determinations regarding custodial classifications of inmates. See Whitley, 158 F.3d at 889.

Although the Fifth Circuit has not specifically addressed whether Program Statement 5100.08 creates a liberty interest, other courts, including courts within the Fifth Circuit, have determined that PS 5100.08 "did not alter well-settled law that an inmate has no protected liberty interest in his classification level or his assigned facility." Torres v. Cruz, No. 3-09-CV-2399-P, 2010 WL 742438, at *2 (N.D. Tex. Mar.

4

1, 2010) (citing <u>Gonzalez v. Doe</u>, No. 09–CV–0671, 2009 WL 1704248 at *1 (N.D. Tex. June 15, 2009); <u>Marti v. Nash</u>, 227 Fed. Appx. 148, 150 (3d Cir. 2007), 2007 WL 1072969 at *1 (Petitioner has no due process right to any particular security classification under PS 5100.08); <u>Jones v. Anderson</u>, No. 08–3074, 2009 WL 426440, at *2 (W.D. Mo. Feb. 19, 2009) (PS 5100.08 does not confer a protected right); <u>Young v. Grandolsky</u>, No. 08–2653, 2009 WL 315917 at *2 (D.N.J. Feb. 6, 2009) (no due process right to any particular security classification under PS 5100.08); <u>Robinson v. LaManna</u>, No. 3:08–CV–277, 2008 WL 4960236 (D.S.C. Nov. 19, 2008), (PS 5100.08 does not create a liberty interest in any particular classification); <u>Jordan v. Longley</u>, No. 08–4080–RHB, 2008 WL 4691813 at *8 (D.S.D. Oct. 20, 2008).

Luedtke has no liberty interest in his security classification in general or under Program Statement 5100.08. Without a constitutionally protected liberty interest, there can be no due process violation.

### III. <u>Conclusion</u>

For the foregoing reasons, IT IS RECOMMENDED that the § 2241 petition be DENIED and DISMISSED with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of

the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 28th day of September, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge